## Interlocking Bank Directorates.  No. 2

SAYLOR, Deputy Attorney General, January 11, 1934.—You have asked what position you should take on the subject of interlocking bank directorates, in view of regulations of the Federal Reserve Board which conflict with our opinion in Interlocking Bank Directorates (No. 1), 20 D. & C. 152.

In interpreting the provisions of section 8(a) of the Clayton Antitrust Act, added by section 33 of the Glass-Steagall Act of June 16, 1933, 48 Stat. at L. 162, 15 U. S. C. § 19a, we advised you as follows:

"That after January 1, 1934, a director, officer or employe of any Pennsylvania bank or trust company which is a member of the Federal Reserve System may not at the same time be a director, officer or employe of any other corporation or of a partnership which makes loans secured by stock or bond collateral to any individual, association, partnership or corporation other than its own subsidiaries."

We reached this conclusion by interpreting section 8 (*a*) as applying not only to National banks, but also to State banking institutions which are members of the Federal Reserve System. In doing so, we were aware that our opinion differed from that of September 10, 1917, by the acting Attorney General of the United States, interpreting similar language of section 8 of the Clayton Act as not including State banks which are members of the Federal Reserve System.

Furthermore, we are advised that regulation L, Series of 1933, promulgated by the Federal Reserve Board on November 2, 1933, provides that the prohibitions of section 8 and section 8 (*a*) are cumulative, but also that provisos stated in section 8 are, in part at least, applicable to the provisions of section 8 (*a*). We need not recite in detail these provisos and all the exceptions established by the board. It is sufficient to state the one affecting officers, directors, or employes of State institutions.

Section IV (*b*) of regulation L reads as follows:

"(b)  The provisions of section 8A of the Clayton Act . . . .

"(5)  Do not prohibit a private banker or an officer, director or employee of any bank or a class A director of a Federal reserve bank from being at the same time an officer, director, or employee of not more than two other banks within the prohibitions of the Clayton Act, if there is in force a permit therefor issued by the Federal Reserve Board."

"Bank" is defined by section II of the regulation as including "any bank, banking association, or trust company organized or operating under the laws of the United States or of any State thereof."

Section V of regulation L provides for issuance by the board, pursuant to the Clayton Act, of permits to individuals referred to in the foregoing and other paragraphs of section IV, if "not incompatible with the public interest." It states that "permits may be issued covering relationships between banks which are prohibited by section 8A as well as those prohibited by section 8." Permits once granted continue in force until revoked and need not be renewed.

You inquire what position you should take with respect to an individual holding such a permit, in view of the opinion we have rendered to you.

We adhere to our interpretation of the Clayton Act, as amended. We believe that our opinion correctly interpreted the clear language of the Act of Congress. However, if the Federal Reserve Board, in exercise of the authority granted by section 8 of the act, issues a permit pursuant to its provisos, you have no duty to refuse to recognize it. The enforcement of the provisions of the act of Congress and the regulations issued under it is primarily the responsibility of the Federal authorities, including the Federal Reserve Board, not of State supervising officials.

Therefore, you are advised that if a director, officer, or employe of a State banking institution belonging to the Federal Reserve System holds a permit entitling him to act as a director, officer, or employe of not more than two other banks, banking associations, or trust companies, either or both of which may be State or National institutions, you have no duty to invoke against him the prohibitions of the Clayton Act as interpreted by our opinion of November 2, 1933.

From C. P. Addams, Harrisburg, Penna.